IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLIAS MUCHON, #063575, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | No. 3:26-cv-614-G (BT) |
| NAVARRO COUNTY SHERIFF'S OFFICE, ET AL., | § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Olias Muchon filed a prisoner civil rights complaint under 42 U.S.C. § 1983 relating to his medical care at the Navarro County Jail. Compl. (ECF No. 3). The Court granted Plaintiff leave to proceed *in forma pauperis* under the Prison Litigation Reform Act (PLRA). Now, the District Judge should dismiss Plaintiff's Complaint with prejudice under 28 U.S.C. §§ 1915A and 1915(e)(2) unless he shows in objections to this recommendation (explained in more detail below) how he could amend his Complaint to state a plausible claim.

**Background**

Plaintiff claims that he was denied medical care for his back at the Navarro County Jail after he requested it and "signed a release of information form" from his doctor establishing his medical history. Compl. at 5. He alleges that the Navarro County Sheriff's Office Medical Staff denied him any "pain relief," that Sergeant

Wickliffe of the Navarro County Sheriff's Office decided no medical care was needed after looking at his medical file, and that unidentified actors put him in medical separation where he got pneumonia from the cold. *Id.*

Plaintiff sues the Navarro County Sheriff's Office, the Navarro County Sheriff's Office Medical Staff, and Sergeant Wickliffe. *Id.* at 3. He seeks compensatory damages. *Id.* at 5.

### Legal Standards and Analysis

Plaintiff's pleadings are subject to preliminary screening under 28 U.S.C. § 1915A. That section provides:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Plaintiff's Complaint is also subject to judicial screening under 28 U.S.C. § 1915(e), under which a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1. <u>Plaintiff's claims against the nonjural entities should be dismissed, and, to the extent he seeks to sue Navarro County, he fails to state a municipal liability claim.</u>

Plaintiff's claims against the Medical Staff and the Navarro County Sheriff's Office must be dismissed because neither the sheriff's office nor the general category of "medical staff" are jural entities subject to suit. *See Darby v. City of Pasadena*, 939 F.2d 311, 313-14 (5th Cir. 1991) (servient agency or department cannot be sued unless it "enjoy[s] a separate legal existence" because "true political entity has taken explicit steps to grant the servient agency with jural authority"); *Parsons v. Ellis Cnty., Ct.*, 2020 WL 6263746, at *3 (N.D. Tex. Oct. 2, 2020), *rec. accepted* 2020 WL 6263170 (N.D. Tex. Oct. 23, 2020) ("Neither a sheriff's office in Texas nor a detention center or jail constitutes a jural entity"); *Generial Griffin v. Johnson Cnty. Jail*, 2026 WL 569048, at *3 (N.D. Tex. Feb. 10, 2026), *rec. accepted* 2026 WL 565445 (N.D. Tex. Feb. 27, 2026) (finding that the "general category of medical staff" was a nonjural entity).

If Plaintiff wants to sue a specific member of the Medical Staff, he must identify that member and allege how that person violated his constitutional rights. *Wilson v. Tangipahoa Par. Jail*, 2025 WL 1539833, at *3 (E.D. La. Apr. 16, 2025),

*rec. accepted* 2025 1532756 (E.D. La. May 28, 2025) (medical staff as "broad group of people is not a properly named defendant" and "action must be filed against an actual identified person who violated a constitutional right, not a department or general staff group at the jail").

And if Plaintiff wants to sue a municipality with a jural existence, such as Navarro County, he must allege that "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Hicks-Fields v. Harris Cty.*, 860 F.3d 803, 808 (5th Cir. 2017). The first policy prong "includes the decisions of a government's law-makers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citations omitted); *Peterson v. City of Fort Worth*, 588 F.3d 838, 850-51 (5th Cir. 2009). To proceed beyond the pleading stage, a complaint's "description of a policy or custom and its relationship to the underlying constitutional violation…cannot be conclusory; it must contain specific facts." *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997).

Plaintiff alleges no municipal policy here, much less one that was promulgated by an official policymaker (such as the Navarro County Sheriff) that was the moving force behind a constitutional violation. Thus, even if the Court liberally construed Plaintiff's claim against the Navarro County Sheriff's Office as an attempt to sue Navarro County, he fails to state a claim.

2.  <u>Plaintiff fails to plausibly allege deliberate indifference.</u>

Plaintiff's Complaint is also deficient because he fails to plausibly allege deliberate indifference to his serious medical needs. To establish a claim for deliberate indifference related to medical care, Plaintiff must show he was denied appropriate medical care and that denial constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976).

Deliberate indifference is an "extremely high" standard to meet. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). It requires satisfaction of both an objective and subjective component. *Rogers v. Boatright*, 709 F.3d 403, 410 (5th Cir. 2013). A defendant acts with deliberate indifference "only if [(A)] he knows that inmates face a substantial risk of serious bodily harm and [(B)] he disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). A plaintiff can show deliberate indifference related to medical care by showing that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* at 838. On the other hand, unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional

circumstances. *Gobert*, 463 F.3d at 346 (citations omitted); *see also Damond v. City of Rayville*, 127 F.4th 935, 940 (5th Cir. 2025).[1]

Plaintiff fails to state a plausible deliberate indifference claim under these standards.

First, Plaintiff has not shown that he had an objectively serious medical need. *See Estelle*, 429 U.S. at 106. "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert,* 463 F.3d at 345, n.12. General back pain, without more, is not an objectively serious medical need sufficient to trigger constitutional protections. *Dickerson v. Collins,* 2015 WL 5680368, at *4 (M.D. La. Sept. 25, 2015) (collecting cases).

Second, even if Plaintiff's back pain was objectively serious, he alleges no facts from which the Court could infer any Defendant acted with deliberate indifference to his condition. He complains that members of the Medical Staff denied him "pain relief," but it is unclear what he means by this. If Plaintiff is complaining that the Medical Staff, after examining him and/or consulting his records, determined there was no need for "pain relief," this amounts to a disagreement with his course of treatment and fails to state a deliberate indifference claim. *See, e.g., Arabzadegan v. W.F. Ramsey et al.,* 2026 WL

---

[1] The same deliberate indifference standard applies whether the individual is a pretrial detainee or a convicted prisoner. *Gibbs v. Grimmette,* 254 F.3d 545, 548 (5th Cir. 2001).

458220, at *1 (5th Cir. Feb. 18, 2026) (per curiam) (finding that inmate's "disagreement with [his] medical care and decisions whether to provide additional treatment fail to state a claim for deliberate indifference") (citing *Gobert*, 463 F.3d at 346).

On the other hand, if Plaintiff alleges that members of the Medical Staff refused to treat him at all, he fails to show that any Medical Staff member subjectively knew that he needed treatment. He alleges that he "signed a release of information form" from his prior doctor establishing his "prior medical history." Compl. at 5. But he does not explain what that prior medical history showed or how it would have alerted any member of the Medical Staff that he needed treatment.

As for Sergeant Wickliffe, Plaintiff alleges only that he decided that medical care was unnecessary after looking at Plaintiff's medical history. *Id.* at 5. Plaintiff fails to allege that anything in his medical file would have alerted Sergeant Wickliffe that Plaintiff needed treatment for his back. Plaintiff alleges a mere disagreement with Sergeant Wickliffe's medical judgment. *See, e.g., Johnson v. Murray*, 2013 WL 12123530, at *4 (S.D. Tex. Mar. 5, 2013) ("That Plaintiff disagrees with the medical determination by the Defendants does not show deliberate indifference.")

Finally, and seemingly unrelated to his back pain, Plaintiff alleges that he "was put in medical separation where [he] got pneumonia from the cold." Compl. at 5. This vague allegation does not show deliberate indifference. Plaintiff alleges no facts from which the Court could infer that anyone—much less a named

defendant—knew Plaintiff faced a substantial risk of serious bodily injury from being placed in medical separation and acted with deliberate indifference to that risk.

## **Leave to Amend**

Ordinarily, "a *pro se* litigant should be afforded an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* at 768. "A plaintiff has pleaded her best case after she is 'apprised of the insufficiency' of her complaint." *Wiggins v. Louisiana State Univ.—Health Care Services Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (citations omitted).

The time to file objections to this recommendation (further explained below) allows Plaintiff—now apprised of the deficiencies in his Complaint—with an opportunity to plead his best case by explaining in his objections how he could amend the Complaint to state a plausible claim. *See Scott v. U.S. Bank Nat'l Ass'n,* 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the

amended complaint nor explain how the defects could be cured, a district court may deny leave.").

If Plaintiff fails to show that further leave to amend should be granted, the Court should dismiss this case with prejudice.

## Recommendation

The Court should dismiss Plaintiff Olias Muchon's case with prejudice under 28 U.S.C. §§ 1915A and 1915(e)(2)(B), unless, within the time to file objections, he shows a basis to grant leave to amend his Complaint to state a plausible claim.

**SO RECOMMENDED.**

March 12, 2026.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.

9